IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDDIE HALE | § |
| | § C.A. NO. 4:15-cv-524 |
| VS. | § |
| | § |
| | § |
| SHERROD SERVICES, L.L.C. | § |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff EDDIE HALE complains of Defendant SHERROD SERVICES, L.L.C., and would respectfully show this Honorable Court the following:

## JURISDICTION AND VENUE

**1.1** This is an action between citizens of different States where the amount in controversy exceeds $75,000.00. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**1.2** Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## PARTIES

**2.1** Plaintiff EDDIE HALE is a citizen of the United States and resides in Many, Sabine Parish, Louisiana.

**2.2** Defendant SHERROD SERVICES, L.L.C. is a Texas corporation whose principal place of business is in Thornton, Texas. Defendant may be served with Plaintiff's Original Complaint by serving its Registered Agent: Wendy Sue Sherrod; 311 LCR 730, Thornton TX 76687.

## BASIC FACTS

3.     On January 3, 2015, Plaintiff EDDIE HALE was employed by Steamroller Energy as a track hoe operator, and assigned to work at a Nabors' job site in Fayette County near Flatonia, Texas. Steamroller Energy had a platform with a centrifuge located at the job site. On January 3rd that platform and centrifuge were to be lowered and moved. Based on information and belief, Defendant SHERROD SERVICES, L.L.C. was the company with the responsibility to provide the machinery and operators necessary to support the platform so that it could be safely lowered and moved. At the start of the rigging down operation a SHERROD SERVICES's forklift operator operating a SHERROD SERVICES's forklift was holding up the platform while Steamroller employees removed the pins to allow the platform's telescoping legs to drop. The operator failed to do his job properly, and some of the platform legs buckled. At that point a SHERROD SERVICES's crane was called over to assist, and a person believed to be a SHERROD SERVICES's employee climbed to the top of the platform to rig the crane to the platform. Plaintiff EDDIE HALE and a fellow Steamroller employee also climbed up to help. The goal was to ensure that the platform was tied off to the crane so that the crane could hold the platform, allowing the platform to be safely lowered.  Shortly after he climbed to the top, the platform collapsed and Plaintiff EDDIE HALE fell 13-14 feet to the ground. As a result of this fall, EDDIE HALE sustained serious injuries to his neck, head, back and other parts of his body.

## CAUSE OF ACTION

4.     Plaintiff EDDIE HALE'S injuries were proximately caused by the negligent acts or omissions of Defendant SHERROD SERVICES, L.L.C., its agents, servants, legal

representatives and/or employees. Defendant's negligence was the proximate cause of Plaintiff's injuries and damages.

## DAMAGES

**5.1** Plaintiff has incurred substantial damages as a result of the incident described above. There are certain elements of damage, provided by law, that Plaintiff is entitled to have considered separately to determine the sum of money that will fairly and reasonably compensate him for the injuries, damages, and losses he has, and will, incur.

From January 3, 2015, until the time of trial of this cause, those elements of damage which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are:

    a.    The physical pain that Plaintiff has suffered;

    b.    The mental anguish that Plaintiff has suffered;

    c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries;

    d.    The loss of earning capacity Plaintiff has suffered; and

    e.    The damages resulting from the physical impairment suffered by the Plaintiff.

Plaintiff would show that in reasonable probability his injuries and damages will continue into the future. Plaintiff's future losses, from the date of trial and beyond, include:

    f.    The physical pain that Plaintiff will suffer in the future;

    g.    The mental anguish that Plaintiff will suffer in the future;

    h.    The reasonable value of the medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries after trial;

    i.    The reduction in Plaintiff's future earning capacity; and

j.  The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future.

The total of Plaintiff's damages, both past and future, exceed $75,000.00. These damages were legally caused by Defendant.

**5.2**  Plaintiff would show that if he had a pre-existing condition prior to this incident, that condition was aggravated by the incident made the basis of this lawsuit.

## JURY DEMAND

**6.**  Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that citation be issued and served upon Defendant SHERROD SERVICES, L.L.C. in the form and manner prescribed by law, requiring that Defendant appear and answer herein; and that upon final hearing hereon, Plaintiff have judgment against Defendant for damages in excess of $75,000.00, pre-judgment interest as allowed by law, post-judgment interest, all costs of court, and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:     */s /Richard Schechter*
        Richard Schechter
        SBOT No. 17735500
        Federal Admission No. 1278
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

LAW OFFICE OF RICHARD SCHECHTER, P.C.
One Greenway Plaza, Suite 740
Houston TX 77046-0102
713-623-8919
713-622-1680/Fax
richard@rs-law.com